**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BIEN TRUCHA IP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Hon. |
| NO MANCHES MEXICAN GRILL, LLC, and | ) | |
| NO MANCHES MEXICAN GRILL 2, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**
**AND UNFAIR COMPETITION**

Plaintiff Bien Trucha IP, Inc., ("Plaintiff" or "Bien Trucha"), by and through its undersigned counsel, and for its Complaint against Defendants No Manches Mexican Grill, LLC, and No Manches Mexican Grill 2, LLC (collectively, "Defendants" or "No Manches Grill"), states as follows:

**NATURE OF THE ACTION**

1.      This is an action arising out of Defendants' unlawful and intentional infringement of Bien Trucha's federally registered and common law trademarks, and unfair competition by Defendants. As detailed herein, Defendants have: (1) infringed on Bien Trucha's federally registered marks in violation of 15 U.S.C. § 1114; (2) unfairly competed, used false designations of origin, and/or used misleading descriptions and representations of fact in violation of 15 U.S.C. § 1125(a); (3) committed deceptive trade practices in violation of 815 ILCS 510/1 *et seq.*; (4) committed consumer fraud and deceptive business practices in violation of 815 ILCS 505/1 *et seq.*; and (5) committed unfair competition and trademark infringement in violation of the common law of the State of Illinois, and thereby benefitted to the detriment of Bien Trucha.

## PARTIES

2. Bien Trucha is an Illinois corporation with its principal place of business located at 410 W. State Street, Geneva, IL 60134.

3. Bien Trucha owns and operates Mexican-themed restaurants in the Chicagoland area, including: (1) A Toda Madre™ restaurant in Glen Ellyn, Illinois; (2) Bien Trucha™ restaurant in Geneva, Illinois; and (3) Quiubo™ restaurant in Naperville, Illinois ("the Bien Trucha Group Restaurants"). *See* www.bientruchagroup.com.

4. Upon information and belief, Defendant No Manches Mexican Grill, LLC, is a limited liability corporation organized under the laws of Illinois with its principal place of business at 140 N. Western Ave, Suite E, Carpentersville, Illinois, 60110.

5. Upon information and belief, Defendant No Manches Mexican Grill 2, LLC, is a limited liability corporation organized under the laws of Illinois with its principal place of business at 1240 East U.S. 45, Suite 100, Vernon Hills, Illinois, 60061.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367, in that this case arises under the laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 *et seq.,* and involves related state law claims.

7. This Court has personal jurisdiction over Defendants because they are companies organized under the laws of Illinois with their principal places of business in this District, in Lake County and Kane County, Illinois.

8.     Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Bien Trucha's claims occurred in this District and because Defendants are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

9.     For more than 15 years, Bien Trucha has provided a variety of goods and services via its Bien Trucha Group Restaurants under a portfolio of trademarks and related rights owned and controlled by Bien Trucha.

10.     Bien Trucha's goods and services include, but are not limited to, restaurant and bar services, along with related goods such as packaged sauces and salsas, among other food and related items.

11.     Bien Trucha is the exclusive owner of the following U.S. Trademark Registrations and Trademark Applications and common law trademarks.

| Reg. No./Appl. No. | Mark | Goods and Services |
|---|---|---|
| Reg. No. 6,034,007, registered April 14, 2020 | NO MANCHES | Class 30:   Sauces |
| Reg. No. 5,210,481, registered May 23, 2017 | QUIUBO | Class 43:   Restaurant and bar services |
| Appl. No. 90/888,384 filed August 17, 2021 | NO MANCHES | Class 43:   Restaurant and bar services |
| Appl. No. 97/541,183 filed August 9, 2022 | NO MANCHES! – SABORES CHINGONES – NM! | Class 43:   Restaurant and bar services; providing of food and drink |
| Appl. No. 97/541,188 filed August 9, 2022 | NO MANCHES! – SABORES CHINGONES – NM! | Class 30:   Sauces |

| Reg. No./Appl. No. | Mark | Goods and Services |
|---|---|---|
| Common law | A TODA MADRE | Restaurant services and related goods |

True and correct copies of the Registrations and Applications for these "Bien Trucha Marks" are attached hereto as composite **Exhibit A**.

12.     Bien Trucha has been using in commerce its A TODA MADRE™ Trademark for restaurant services and related products and services since at least as early as 2012 and its QUIUBO® Trademark for restaurant services and related products and services since at least as early as 2017.  **Exhibit A** (QUIUBO® registration); and **Exhibit B** (Illinois Secretary of State corporate registration of A Toda Madre LLC).

13.     Bien Trucha has been using in commerce its NO MANCHES® Trademark with sauces and salsas since at least as early as January 31, 2020, and is using its NO MANCHES® Trademark with bar and restaurant "virtual" and carry-out cantina services. *See* **Exhibit C**.  Bien Trucha enjoys priority rights dating back at least as early as July 19, 2016, in its NO MANCHES® Trademark as used with sauces and salsas, and its related bar and restaurant services.

14.     Bien Trucha has since at least 2007 provided restaurant services in Illinois and sold and offered for sale related products throughout the United States and within this District, including restaurant and bar services, providing food and drink services, and salsas that use its distinctive marks, designs, and packaging. By way of example and not limitation, such products include the following No Manches® salsas, as shown:



15.     Bien Trucha has established valuable and enforceable rights in its Bien Trucha Marks and trade dress through *bona fide* and continuous use of its marks in United States commerce and advertising, including by continuous use at its Bien Trucha Group Restaurants, which are exclusively licensed by Bien Trucha.

16.     Bien Trucha has also used each of the Bien Trucha Marks in analogous ways for many years, such as corporate names and registrations, menu preparation and production, rental and development of real estate for use in the Bien Trucha Group Restaurants, general advertisements, etc.

17.     The above registered trademarks (the "Bien Trucha Registered Marks") were duly issued in compliance with law, are valid and subsisting, and are *prima facie* evidence of Bien Trucha's registration, ownership, and right to exclusive use of the Bien Trucha Registered Marks.

18.     All of the Bien Trucha Marks are trademarks of Bien Trucha as described, are valid and subsisting, and Bien Trucha has developed secondary meaning in each of those marks.

19.     The Bien Trucha Marks symbolize and represent the goodwill of Bien Trucha and are an intangible asset of substantial commercial value to Bien Trucha. These marks are inherently

strong, and have gained commercial secondary meaning as a result of Bien Trucha's extensive sales, advertising, and promotional efforts using the Bien Trucha Marks.

20.     Additional representative examples of how Bien Trucha uses its Bien Trucha Marks in commerce are shown below:



**QUIUBO®**



## A TODA MADRE™



| **A TODA MADRE™** |
|:---:|
|  |

21.     Bien Trucha has spent considerable sums promoting the Bien Trucha Marks and developing secondary meaning and goodwill with respect to those Marks in the minds of consumers and the public at-large. In so doing, Bien Trucha has established itself as a source of high-quality restaurant services and food items, including the provisions of food and drink, and retails sales of salsa, and has developed significant and substantial goodwill among the public in its Bien Trucha Marks for its high quality restaurant services and related goods and services.

22.     In 2022, Bien Trucha served at least approximately 275,000 customers in and around Chicagoland. Bien Trucha had annual sales of over $10.3 million at its restaurants in 2022, and had over $25,000 in No Manches® salsa sales since January 2020.

23.     The Bien Trucha Group Restaurants have consistently received outstanding reviews from customers. *See* **Exhibit D** (Yelp reviews: BIEN TRUCHA™ - Yelp (4/5 Stars); and A TODA MADRE™ - Yelp (4/5 stars); and QUIUBO® - Yelp (4/5 stars)); and **Exhibit E** (TripAdvisor reviews: BIEN TRUCHA™ - TripAdvisor (4.5/5 stars and #1 restaurant of 75 in Geneva, Illinois) and QUIUBO® - TripAdvisor (4/5 stars and #44 of 257 in Naperville, Illinois)

and A TODA MADRE™ - TripAdvisor (4/5 stars and #5 of 65 restaurants in Glen Ellyn, Illinois); and **Exhibit F** (OpenTable reviews: BIEN TRUCHA™ - OpenTable (4.7/5 stars) and A TODA MADRE™ - OpenTable (4.6/5 stars); (QUIUBO® Restaurant not on OpenTable website)).

24.     In addition to Bien Trucha's rights under the Trademark Act, Bien Trucha has acquired substantial and enforceable common law rights by virtue of use of the Bien Trucha Marks in commerce, including such use in commerce in Illinois and in this District.

## DEFENDANTS' INFRINGEMENT

25.     Defendants are infringing on Plaintiff's Bien Trucha Marks at least by (1) using the mark "No Manches" in conjunction with and as the name of their restaurants and associated products and services, (2) using the mark "Quiuobole Arrachera" in conjunction with their restaurants and associated products and services, and (3) using the mark "A Toda Madre" in conjunction with their restaurants and associated products and services (correspondingly, Defendants' "Infringing Marks" and "Infringing Products"), as further set forth as follows.

## Defendants' Infringement of Plaintiff's NO MANCHES® Marks

26.     Defendants are violating Bien Trucha's rights in its NO MANCHES® Trademarks by using "NO MANCHES" designations in connection with the offering of restaurant and bar services without authorization of Bien Trucha.

27.     Defendants' use of Plaintiff's "No Manches" Mark has caused actual customer confusion, and is likely to cause and to continue to cause consumer confusion.

28.     Defendants' violations include, but are not limited to, Defendants' unauthorized use of the Bien Trucha No Manches® marks as shown here at one of Defendants' restaurant locations:



29.     Additionally, Defendants are improperly using the confusingly similar "No Manches Mole" as a "chef's signature sauce" on their menus:



**Exhibit G** (printout of Defendants' menu accessed February 3, 2023).

30.     Defendants, also, on or about October 6, 2022, filed their now-pending U.S. Trademark App. No. 97622435 for NO MANCHES! MEXICAN GRILL for use with "restaurant; food preparation services; restaurant services; restaurant services featuring Mexican food; restaurant services, including sit-down service of food and take-out restaurant services; restaurant and bar services; serving food and drinks" services in International Class 43.

31.     Defendants, in their trademark application, declared a first use date of November 1, 2019, although, on information and belief, Defendants did not open their first restaurant in conjunction with the infringing "No Manches" Mark until approximately January 2021. Illinois Secretary of State records show that an entity named "No Manches Mexican Grill" first registered in Illinois as a business entity on December 3, 2020. *See* **Exhibit H.** And a January 29, 2021 City of Carpentersville Board of Trustees Meeting agenda identifies "No Manches Mexican Grill" as a "new business that recently opened." **Exhibit I** (City of Carpentersville Board Meeting January 29, 2021).

32.     The "date of first use in commerce" stated in the Defendants' trademark application is, on information and belief, false.

## Defendants' Infringement of Plaintiff's QUIUBO® Mark

33.     Defendants are also infringing Bien Trucha's QUIUBO® registered mark.

34.     Bien Trucha uses and has used since at least 2017, its QUIUBO® mark in connection with its provision of food and restaurant services as the name of a restaurant and in conjunction with a beef entrée served in its Bien Trucha Group Restaurants. *See* **Exhibit J** (Bien Trucha Group Restaurant Menu).

35.     Defendants are using the confusingly similar mark "Quiuobole Arrachera" in conjunction with their restaurant services and as a beef entrée name on their menu, as seen below:



**Exhibit G**.  Such use by Defendants is likely to cause confusion, at least because (1) for non-Spanish speakers, the terms "quiubo" and "quiubole" are arbitrary and unique marks that are substantially similar and likely to be confused, and (2) for Spanish speakers, Bien Trucha's mark "quiubo" is a known abbreviation for the word "quiubole."

### Defendants' Infringement of Plaintiff's A TODA MADRE<sup>TM</sup> Mark

36.     Defendants are also infringing Bien Trucha's A TODA MADRE<sup>TM</sup> common law trademark.

37.     Bien Trucha uses and has used since at least 2011, its A TODA MADRE<sup>TM</sup> mark in connection with its provision of food and restaurant services.

38. Defendants are using the identical mark "A Toda Madre" in conjunction with their restaurant services and as an entrée name on their menus, as seen below:



**Exhibit G**. Such use by Defendants is likely to cause confusion.

39. Defendants' restaurants directly compete with Bien Trucha's restaurants. Defendants' use of Plaintiff's marks, and marks closely resembling the Bien Trucha Marks, in conjunction with Defendants' restaurants which offer similar food items, in similar Mexican-themed restaurants and surroundings, is likely to and will cause confusion. Defendants' "No Manches"-branded restaurants are operated within the same geographic proximity of Bien Trucha's restaurants, in the Chicago suburbs, and cater to the same customers. *See* **Exhibit K.**

40. The close proximity of Defendants' infringing restaurants to Bien Trucha's restaurants, operated in the same geographic market, and serving the same customers, increases the likelihood of consumer confusion.

41. Defendants' use of the (1) NO MANCHES! MEXICAN GRILL, (2) A TODA MADRE and (3) QUIUBOLE marks in conjunction with Defendants' restaurant services and related food items, has caused consumer confusion and is likely to cause consumer confusion with the Bien Trucha Marks.

## WILLFUL INFRINGEMENT

42.     On information and belief, representatives of Defendants have visited Bien Trucha's restaurants, where they observed the Bien Trucha Marks.

43.     Defendants, after observing the Bien Trucha Marks at Bien Trucha's restaurants, intentionally and willfully misappropriated the Bien Trucha Marks and began using the Bien Trucha Marks as described herein at their competing restaurants.

44.     On November 15, 2022, and thereafter, Bien Trucha, through its attorneys, made Defendants expressly aware of the Bien Trucha Marks, and requested they cease and desist from infringing upon the Bien Trucha Marks in connection with Defendants' business.  Bien Trucha offered a phase-out period as a concession to Defendants, to allow Defendants a reasonable period of time to rebrand, change their names with the Secretary of State of the State of Illinois, and phase out use of the Infringing Marks.  *See* **Exhibit L**. Defendants refused Plaintiff's offers and, with actual knowledge of Bien Trucha's rights, continue to infringe.

45.     Defendants' use of words and marks identical to and confusingly similar to the Bien Trucha Marks in connection with the operation of Defendants' Mexican-themed restaurants is likely to confuse the public as to the source of the goods and services, and that Defendants are associated, affiliated or connected with, or sponsored or approved by,  Bien Trucha when they are not.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

46.     Bien Trucha realleges the foregoing paragraphs as if fully set forth herein.

47.     Bien Trucha exclusively owns valid and enforceable rights in the Bien Trucha Registered Marks.

48.     Defendants have, without Bien Trucha's consent, used the Bien Trucha Registered Marks, and/or words, names or symbols that are the same as or substantially similar to the Bien Trucha Registered Marks in commerce in connection with the sale, offering for sale, distribution, or advertising of their offending products and restaurant and bar services in a manner that is likely to cause confusion, mistake, or to deceive the public.

49.     Defendants have, without Bien Trucha's consent, reproduced, counterfeited, copied, and/or colorably imitated the Bien Trucha Registered Marks and applied such reproduction, counterfeit, copy, and/or colorable imitation to the labels, prints, wrappers, advertisements or packaging of their offending products and services in connection with the sale, offering for sale, distribution, or advertising of their offending products and restaurant services in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

50.     As a direct and proximate result of Defendants' conduct, Bien Trucha has suffered and will continue to suffer economic harm in the form of lost revenue, lost profits and in the form of harm to the value and goodwill associated with the Bien Trucha Registered Marks and Bien Trucha's reputation in the industry.

51.     Because and since Defendants have been aware of Bien Trucha and Bien Trucha's Marks and Bien Trucha's restaurants and goods and services, and because the Defendants' Marks are identical to and/or nearly identical to Bien Trucha's Registered Marks, including use of multiple identical registered marks, Defendants' conduct was and is knowing and willful.

52.     Given the Defendants' willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of their infringement, this is an exceptional case under 15 U.S.C. § 1117.

53.     As the acts alleged herein constitute infringement by Defendants of Bien Trucha's Registered Marks under 15 U.S.C. § 1114, and as Bien Trucha has no adequate remedy at law, Bien Trucha is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendants' revenues and profits, Bien Trucha's lost profits, all damages sustained by Bien Trucha, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

## COUNT II – FEDERAL UNFAIR COMPETITION AND COMMON LAW TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))

54.     Bien Trucha realleges the foregoing paragraphs as if fully set forth herein.

55.     Defendants have unlawfully used the Bien Trucha Marks in connection with their offending products and restaurants and services, and in their advertising of the same in a manner which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Bien Trucha, or as to the origin, sponsorship, or approval of the offending products and restaurants.

56.     Defendants have used the Bien Trucha Marks, or colorable and confusing imitations thereof, in connection with goods and restaurant services and the advertising of the same in a manner that misrepresents the source, nature, characteristics, or qualities of the offending products and restaurants.

57.     As a direct and proximate result of Defendants' conduct, Bien Trucha has suffered and continues to suffer economic harm in the form of lost sales, lost profits and in the form of harm to the value and goodwill associated with the Bien Trucha Marks and Bien Trucha's reputation in the industry.

58.     Defendants' infringing conduct was and is knowing and willful.

59.     Given the Defendants' willful, intentional, and knowing conduct, including but not limited to its continued and continuing infringement after having knowledge of the infringement, this is an exceptional case under 15 U.S.C. § 1117.

60.     As the acts alleged herein constitute infringement by Defendants of Bien Trucha's Marks under 15 U.S.C. § 1125(a), and as Bien Trucha has no adequate remedy at law, Bien Trucha is entitled to injunctive relief as well as monetary damages and other remedies as provided by 15 U.S.C. §§ 1116, 1117, and 1118, including recovery of the Defendants' revenues and profits, Bien Trucha's lost profits, all damages sustained by Bien Trucha, the cost of this action plus interest and including reasonable attorneys' fees, other increased damages as the Court may deem appropriate, and/or other amounts yet to be determined.

## COUNT III – DECEPTIVE TRADE PRACTICES
## (815 ILCS 510/1 *et seq.*)

61.     Bien Trucha realleges the foregoing paragraphs as if fully set forth herein.

62.     Defendants' use, advertisement, and sale of the offending products and restaurant services in conjunction with the Infringing Marks, as alleged herein, constitute deceptive trade practices in violation of 815 ILCS 510/2 *et seq.*, including by way of:

(a)     Passing off their goods and services with the Infringing Marks as genuine Bien Trucha products and services;

(b)     Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, sponsorship, approval or certification of Bien Trucha's goods, restaurants, and Bien Trucha Marks;

(c)     Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, affiliation, connection, or association with Bien Trucha's goods, restaurants, and the Bien Trucha Marks; and/or

(d)    Using deceptive representations by selling their products and services in conjunction with counterfeit marks.

63.    As stated herein, Defendants' actions, including employing practices in commerce as set forth in Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and by selling their products and services in conjunction with the Bien Trucha Marks without Bien Trucha's consent or authorization, and misappropriating the Bien Trucha brand, reputation, and/or trade dress constitute deceptive trade practices.

64.    Bien Trucha is likely to continue to be damaged by Defendants' infringement and deceptive trade practices, including in lost sales, lost and damaged goodwill, lost customers, lost profits, lost business opportunities, and lost and damaged value of the Bien Trucha Marks, and in damaged reputation amongst consumers. Accordingly, pursuant to 815 ILCS 510/3, Bien Trucha is entitled to injunctive relief upon terms that the Court deems reasonable.

65.    Defendants intentionally and willfully copied genuine Bien Trucha products and the Bien Trucha Marks without prior authorization.

66.    Upon information and belief, Defendants have realized revenue and profits stemming from their wrongful sale of the Infringing Products and operation of their restaurants in association with the Infringing Marks, none of which Defendants would have otherwise obtained.

67.    Bien Trucha has no adequate remedy at law for the Defendants' wrongful actions.

68.    Unless and until enjoined, Defendants' violations and wrongful acts have injured and will continue to injure Bien Trucha.

69.    As a consequence of Defendants' actions, Bien Trucha has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

### COUNT IV – ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES
### (815 ILCS 505/1 *et seq.*)

70.     Bien Trucha realleges the foregoing paragraphs as if fully set forth herein.

71.     Defendants' use, advertisement, and sale of the offending products and restaurant services in conjunction with the Infringing Marks, as alleged herein, constitute Illinois consumer fraud and deceptive business practices in violation of 815 ILCS 505/2 *et seq.*, including by way of:

> (a)     Passing off their goods and services with the Infringing Marks as genuine Bien Trucha products and services;

> (b)     Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, sponsorship, approval or certification of Bien Trucha's goods, restaurants, and Bien Trucha Marks;

> (c)     Causing actual confusion, likelihood of confusion, and/or a misunderstanding as to the source, affiliation, connection, or association with Bien Trucha's goods, restaurants, and the Bien Trucha Marks; and/or

> (d)     Using deceptive and/or misleading representations by selling their products and services in conjunction with similar and confusing marks.

72.     As stated herein, Defendants' actions, including employing practices in commerce as set forth in Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and by selling their products and services in conjunction with the Bien Trucha Marks without Bien Trucha's consent or authorization, and misappropriating the Bien Trucha brand, reputation, and/or trade dress constitute consumer fraud and deceptive business practices in Illinois.

73.     Bien Trucha has been damaged, and is likely to continue to be damaged, by Defendants' infringement and deceptive trade practices, including in lost sales, lost and damaged goodwill, lost customers, lost profits, lost business opportunities, and lost and damaged value of the Bien Trucha Marks, and in damaged reputation amongst consumers. Accordingly, pursuant to 815 ILCS 505/10(a), Bien Trucha is entitled to damages and injunctive relief upon terms that the Court deems reasonable.

74.     Defendants intentionally and willfully copied genuine Bien Trucha products and the Bien Trucha Marks without prior authorization.

75.     Bien Trucha has no adequate remedy at law for the Defendants' wrongful actions.

76.     Unless and until enjoined, Defendants' violations and wrongful acts have injured and will continue to injure Bien Trucha.

77.     As a consequence of Defendants' actions, Bien Trucha has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

### COUNT V – ILLINOIS COMMON LAW UNFAIR COMPETITION

78.     Bien Trucha realleges the foregoing paragraphs as if fully set forth herein.

79.     Defendants have used Bien Trucha's names, symbols, marks, and trade dress, including but not limited to the Bien Trucha Marks, in connection with their offending products and their restaurants' advertising and services in a manner which is calculated to deceive and cause consumers to do business with Defendants when those consumers intended to and/or would otherwise have done business with Bien Trucha.

80.     The foregoing acts constitute palming off, misappropriation, and/or unfair competition under Illinois law.

81.     Bien Trucha has suffered economic injury as a result of Defendants' palming off, unfair competition, and misappropriation via sales of offending products and restaurants.

82.     Given the identical or nearly identical names of the offending products and restaurants, including use of the Bien Trucha Marks, and Defendants' knowledge of the Bien Trucha Marks, Defendants' conduct was knowing, malicious and fraudulent.

## RELIEF REQUESTED

WHEREFORE, Bien Trucha respectfully requests that this Court enter a judgment in its favor and against Defendants, and award Bien Trucha relief as follows:

A.     Judgment in Bien Trucha's favor and against Defendants, finding Defendants in violation of all counts of the Complaint in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125, 815 ILCS 505/1 *et seq.*, 815 ILCS 510/1 *et seq.*, and unfair competition under Illinois common law;

B.     Judgment that, in violation of all counts of the Complaint, Defendants acted willfully, maliciously, and fraudulently;

C.     Judgment awarding to Bien Trucha all compensation to which Bien Trucha is entitled under 15 U.S.C. §§ 1114, 1117, 1125, 815 ILCS 505/1 *et seq.*, 815 ILCS 510/1 *et seq.*, and Illinois common law, including attorney fees, costs, expenses, and exemplary, statutory, and/or treble damages;

D.     Judgment ordering the destruction of all offending products, signage, and related advertisements in Defendants' possession, custody, or control; and

E.     Permanently enjoining Defendants, its affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons in active concert or participation with them, and mandating that Defendants immediately and forever cease, desist, and refrain from, anywhere in the world:

i. Directly or indirectly importing, manufacturing, distributing, advertising, promoting, making, purchasing, offering for sale, or selling any products or services bearing or in conjunction with any of the Bien Trucha Marks, or any colorable imitation thereof;

ii. Inducing or enabling others to import, manufacture, distribute, advertise, promote, make, purchase, offer for sale, or sell products or services bearing or in conjunction with the Bien Trucha Marks, or any colorable imitation thereof;

iii. Using the Bien Trucha Marks;

iv. Unfairly competing with Bien Trucha in any manner;

v. Forming or causing to be formed any corporation, partnership, or other entity that engages in any of the aforementioned enjoined conduct; and

F. An Order that Defendant's mark "No Manches! Mexican Grill," that is the subject of pending application no. 97/622,435, is not registrable at the United States Patent and Trademark Office; and

G. Awarding such other and further relief as this Court deems just and proper.

Dated: March 14, 2023

Respectfully submitted,

/s/ *James P. Murphy*

James P. Murphy
Adam J. Fromm
Nicole M. Prefontaine
**CLARK HILL PLC**
130 E. Randolph Drive, Suite 3900
Chicago, IL 60601
(312) 985-5900
jmurphy@clarkhill.com
afromm@clarkhill.com
nprefontaine@clarkhill.com

*Attorneys for Plaintiff*